IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRACY KIESEWETTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-233J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this __30th__ day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 11) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for benefits on November 5, 2007, alleging a disability onset date of September 1, 2005, due to fibromyalgia, depression and migraines. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on September 17, 2009, at which plaintiff, represented by counsel, appeared and testified. On October 22, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On April 27, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 38 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c) and 416.963(c). She has at least a high school education and has past relevant work experience as a retail saleswoman, a therapeutic staff member and a waitress, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of fibromyalgia and migraine headaches,[1] those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the sedentary exertional level except she is limited to occasional enumerated postural maneuvers and to occupations which do not require exposure to dangerous machinery and unprotected heights. (R. 15). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including order clerk, addresser and table worker. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

---

[1] The ALJ determined that plaintiff's depression is a non-severe impairment because it does not cause more than minimal limitations in plaintiff's ability to perform basic work activities. (R. 13).

impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §§404.1520 and 416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises several challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly considered the report of a state agency adjudicator in

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

lieu of the medical evidence; (2) the ALJ improperly evaluated plaintiff's credibility; (3) the ALJ's residual functional capacity finding failed to account for all of plaintiff's limitations and improperly rejected the ALJ's testimony in response to a hypothetical setting forth more restrictive limitations. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly relied upon the opinion of a state agency adjudicator instead of the medical evidence, in particular the report of the consultative examiner, Dr. Ejianreh. In his decision, the ALJ discussed the report of state agency adjudicator Holly Gross. While expressly acknowledging that Ms. Gross is not an "acceptable medical source" under the regulations, the ALJ nevertheless recognized that Ms. Gross "is familiar with the Social Security Administration's rules and regulations" and noted that her findings would be "given appropriate weight considering they are consistent with the majority of the evidence." (R. 17).

Plaintiff argues that state agency adjudicators not only are not acceptable medical sources, they are not appropriate "other sources" of evidence either, and that such opinions are neither to be considered nor addressed in an ALJ's decision. Plaintiff asserts that the ALJ's mere discussion of this evidence is reversible error requiring remand.

Under the regulations, while evidence from "acceptable medical sources" is necessary to establish the presence of a medically determinable impairment, the ALJ also is permitted to use evidence from "other sources" regarding the severity of an impairment and how it affects a claimant's ability to work. 20 C.F.R. §§404.1513 and 416.913. "Acceptable medical sources" are defined in 20 C.F.R. §§404.1513(a) and 416.913(a), while <u>examples</u> of "other sources" are set forth in 20 C.F.R. §§404.1513(d) and 416.913(d) and "<u>include, but are not limited to</u>": medical sources not listed in paragraph (a); educational personnel; public and private social welfare agency personnel; and other non-medical sources, such as, *inter alia*, family and friends.

While the regulations provide specific criteria for the evaluation of medical opinions from "acceptable medical sources," <u>see</u> 20 C.F.R. §§404.1527(d) and 416.927(d), they do not explicitly address how to consider relevant opinions and other evidence from "other sources." Accordingly, SSR 06-03p was promulgated to clarify the evaluation of "other source" evidence.

Importantly, although it is not disputed by anyone that state agency adjudicators who are not physicians do not qualify as "acceptable medical sources," neither the regulations themselves nor SSR 06-03p expressly address the evaluation of evidence from such adjudicators. At first blush, it would appear that state agency adjudicators would fall under the definition of "other sources" set forth in the regulations as "public and private social welfare agency personnel." 2

Plaintiff, however, has submitted a Memorandum dated September 14, 2010, from the Office of the Chief Administrative Law Judge regarding the Commissioner's policy on consideration of such assessments which explicitly states that such opinions not only are not medical opinions they also do <u>not</u> qualify as opinions of non-medical sources. Accordingly, the Commissioner's policy states that these opinions are not to be evaluated in the ALJ's decision.

Plaintiff argues that the ALJ's consideration of Ms. Gross's assessment in his decision is clear error in light of the foregoing policy. However, the ALJ rendered his decision on October 22, 2009, and the memorandum is dated September 14, 2010, and there is nothing to indicate that this policy was in effect at the time of the ALJ's decision. Although plaintiff argues that the memorandum is "interpretive of existing law" and is "not a new policy," the court notes that the subject line of the memorandum states "Consideration of Single Decisionmaker (SDM) Residual Functional Capacity Assessments and Other Findings - <u>REVISED</u>" (court's emphasis) and that the memorandum expressly states that it "revises and replaces all previously issued memoranda addressing" non-physician adjudicator assessments.

In addition, there is nothing in the regulations themselves, nor in SSR 06-03p, which explicitly prohibits the consideration of opinions from non-physician state agency adjudicators, and, in fact, the term "other sources" could be interpreted to encompass those opinions as opinions from "public and private social welfare

agency personnel. 20 C.F.R. §§404.1513(d) and 416.913(d). In short, plaintiff has not provided the court with any evidence that the policy in effect as of September 14, 2010, was in effect at the time the ALJ rendered his decision.

Moreover, even assuming that the policy was in effect at the time of the decision, the ALJ's consideration of the state adjudicator's assessment would not necessitate a remand in this case, as that assessment had no impact on the ALJ's ultimate determination. The ALJ noted that Ms. Gross is not an acceptable medical source and that her findings only were being given "appropriate weight" to the extent that they are consistent with the "majority" of the evidence. In fact, the ALJ's residual functional capacity finding was *more* restrictive than that suggested by Ms. Gross.

In arguing that the consideration of the non-physician state agency adjudicator's opinion cannot be deemed harmless error, plaintiff relies exclusively on <u>Dewey v. Astrue</u>, 509 F.3d 447 (8th Cir. 2007), in which the court held that remand was warranted in light of the ALJ's inadvertent reliance on the opinion of a lay person rather than a medical consultant. <u>Dewey</u> clearly is inapposite. Therein, the ALJ erroneously evaluated the non-physician's report as <u>medical</u> evidence, mistakenly believing that it was authored by a physician. Conversely, the ALJ in this case explicitly noted that Ms. Gross is not an acceptable medical source, and to the extent he considered her assessment, he treated it as "other source" evidence.

The court has reviewed the ALJ's decision and the medical evidence and is satisfied that the ALJ properly evaluated the <u>medical</u> evidence under the appropriate standards.

Under the regulations, an ALJ is to evaluate every medical opinion received, regardless of its source, and is required to consider numerous factors in deciding the weight to which each opinion is entitled, including, *inter alia*, the examining and treatment relationship, the specialization of the medical source, the opinion's supportability and consistency and any other factors tending to support or contradict the opinion. 20 C.F.R. §416.927(d). Importantly, the opinion of <u>any</u> physician, whether treating, examining or reviewing, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p.

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. (R. 13-16). To the extent plaintiff contends that the ALJ disregarded the opinion of the consultative examiner, Dr. Ejianreh, who suggested significant restrictions in plaintiff's ability to stand/walk and to sit, the ALJ specifically addressed that opinion and explained why he gave it only minimal weight. (R. 18). In particular, he noted that Dr. Ejianreh's opinion is contradicted by his own narrative report in which he noted few objective abnormalities and also reported that plaintiff was magnifying her symptoms.

The ALJ's conclusion that plaintiff's severe impairments do not result in completely debilitating limitations also is supported by other evidence in the record as detailed by the ALJ, including the medical evidence from Dr. Li and Dr. Maniglia, as well as the objective medical findings.

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. The court has reviewed the ALJ's decision and the record as a whole and is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence, and this is so even if the court were to assume that the ALJ violated internal policy in addressing the state agency adjudicator's report.

The court also finds no error in the ALJ's evaluation of plaintiff's subjective complaints of pain and limitations. As required, in assessing plaintiff's credibility the ALJ considered plaintiff's subjective complaints, but **also** considered those complaints in light of the medical evidence and all of the other evidence of record. 20 C.F.R. §§404.1529(c) and 416.929(c); see also SSR 96-7p.

The ALJ did a thorough job in his decision explaining why plaintiff's allegations of disabling subjective symptoms are not supported by the record. In particular, he noted total disability is not supported by the medical evidence, her course of treatment or her wide range of daily activities. (R. 17-18)

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of not only her activities of daily living but also in light of the medical evidence, which revealed the absence of clinical and objective findings supporting plaintiff's allegations of totally debilitating symptoms.

It also is important to note that while the ALJ did not find plaintiff's subjective complaints entirely credible, his decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from her impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in his residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible. The court is satisfied that the ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

Plaintiff also challenges the ALJ's residual functional capacity finding that plaintiff can perform sedentary work with the enumerated restrictions. At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age,

education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, and incorporated into his finding those limitations that reasonably could be supported by the medical and other relevant evidence. This finding is supported by substantial evidence as already discussed.

Moreover, to the extent plaintiff suggests that her mere diagnosis of fibromyalgia supports a more restricted residual functional capacity, it is well settled that disability is not determined merely by the presence of an impairment, but by the effect that impairment has upon the individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, although plaintiff has been diagnosed with fibromyalgia, the record simply does not support a finding that her fibromyalgia results in totally debilitating limitations in her ability to perform any work.

Finally, the court finds no merit to plaintiff's contention that the ALJ improperly rejected the vocational expert's response to a hypothetical accounting for the more restrictive limitations suggested by the consultative examiner, restrictions which

included being "off-task" more than 10% of the work day and a need to miss more than 1-3 days per month, or 10-15 days per year. (R. 47).

A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the additional limitations are supported neither by the objective medical evidence nor by plaintiff's reported daily activities. Accordingly, the ALJ did not err in rejecting the vocational expert's response to a hypothetical posited by plaintiff's attorney incorporating such limitations. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                         s/Gustave Diamond
                                         Gustave Diamond
                                         United States District Judge

cc: David M. Axinn, Esq.
P.O. Box 597
Hollidaysburg, PA 16648

John J. Valkovci, Jr.
Assistant U.S. Attorney
224 Penn Traffic Building
319 Washington Street
Johnstown, PA 15901